UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAMUEL L. TUCKER, | ) 1:08CV1869 |
| | ) |
| Petitioner | ) JUDGE DAN AARON POLSTER |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| JULIUS WILSON, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Samuel L. Tucker ("Tucker") filed a petition for a writ of habeas corpus arising out of his July 2002 convictions for three drug offenses in the Cuyahoga County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Tucker raises a single ground for relief:

> Petitioner's sentence is contrary to law and in violation of the Sixth and Fourteenth Amendments under the United States Constitution and Article I, Section 10 of the Ohio Constitution pursuant to the mandates embodied in the United States Supreme Court case[s] of Apprendi v. New Jersey, 530 U.S. 466 and Blakely v. Washington, (2004) 124 S.Ct. 2531.

(Doc. 1, at §12.) The respondent argues that the petition should be dismissed as untimely. (Doc. 5, at 1, 7.)

I. PROCEDURAL BACKGROUND

Tucker entered a guilty plea to charges of attempted murder and kidnapping on June 3, 2002. (Doc. 5, RX 2.) The trial court then sentenced Tucker on July 1, 2002, to ten years for attempted murder and five years on the kidnapping charge, to be served consecutively. Tucker was advised of his appeal rights by the court, and assigned appellate counsel. (Doc. 5, RX 3.)

Tucker filed a notice of appeal pro se on Oct. 18, 2002, which was dismissed for his failure to file a praecipe in accordance with the court's rules. (Doc. 5, RX 4-5.)

On Oct. 22, 2002, Tucker filed a second motion for delayed appeal pro se, which raised the following assignments of error:

> 1. The appellant was denied the effective assistance of trial counsel and abuse of discretion from the trial court in violation of the Fourteenth Amendment rights under the United States Constitution and Article I, Section 10 of the Ohio Constitution.
>
> 2. The appellant's guilty plea was unknowingly and unintelligently made due to the fact that he received ineffective assistance of trial counsel and abuse of discretion from the trial court in violation of his Fourteenth Amendment rights under the United States Constitution and Article I, Section 10 of the Ohio Constitution by the court's failure to inform the appellant that he would be subjected to post-release control as part of his sentence pursuant to O.R.C. 2967.28(B) and (C) and Criminal Rule 11.

(Doc. 5, RX 6-7.) On Nov. 19, 2002, the court of appeals denied Tucker leave to appeal. (Doc. 5, RX 8.) Tucker did not appeal to the Ohio Supreme Court.

Next, Tucker filed an application for reopening under Ohio App. Rule 26(B), raising the following assignment of error:

> 1. The appellant was denied the effective assistance of appellate counsel in violation of his Fourteenth Amendment rights under the United States Constitution and Article I, Section 10 of the Ohio Constitution for counsel failure to inform appellant of his appointment and his failure to file an appellate brief on his first appeal of right.

(Doc. 5, RX 9.) The court of appeals denied his application, finding it barred by res judicata. (Doc. 5, RX 11; State v. Tucker, No. 81927, 2003 WL 22305240 (Ohio Ct. App. Oct. 7, 2003).) Tucker did not appeal this ruling to the Ohio Supreme Court.

On Jan. 19, 2005, Tucker filed a motion to vacate sentence in the trial court, citing alleged Blakely violations regarding his sentence. (Doc. 5, RX 12.) The trial court denied his motion. (Doc. 5, RX 13.)

Tucker filed a second post-conviction petition on June 29, 2006, entitled a "Motion to Correct or Vacate Sentence Pursuant to the Mandates Embodied in Blakely v. Washington, (2004) 124 S.Ct. 2531; Apprendi v. New Jersey, (2000) 530 U.S. 466; State v. Foster, Supreme Court No. 2004-1568; and O.R.C. 2953.08(A)(4)" in the trial court. (Doc. 5, RX 14.) The court denied his motion. (Doc. 5, RX 16.)

Subsequently, Tucker filed a timely appeal of this ruling, raising the following assignment of error:

> 1. The trial court erred when it denied appellant's motion to vacate his sentence that was contrary to law in violation of O.R.C. 2953.08(A)(4) and the mandates embodied in Blakely v. Washington, (2004) 124 S.Ct. 2531; Apprendi v. New Jersey, (2000) 530 U.S. 466; State v. Foster, Supreme Court No. 2004-1568; and the Fourteenth Amendment under the United States Constitution.

3

(Doc. 5, RX 17-18.) In a decision journalized on May 14, 2007, the court of appeals affirmed the judgment of the trial court. (Doc. 5, RX 20; State v. Tucker, No. 88568, 2007 WL 1290205 (Ohio Ct. App. May 3, 2007).)

Finally, Tucker filed a notice of appeal to the Supreme Court of Ohio, and raised the following proposition of law:

> 1. The appellant's sentence is contrary to law and in violation of the Sixth and Fourteenth Amendments under the United States Constitution and Article I, Section 10 of the Ohio Constitution pursuant to the mandates embodied in the United States Supreme Court case[s] of Apprendi v. New Jersey, 530 U.S. 466 and Blakely v. Washington, (2004) 124 S.Ct. 2531.

(Doc. 5, RX 21-22.) The state high court denied Tucker leave to appeal and dismissed the appeal as not involving any substantial constitutional question on Sept. 26, 2007. (Doc. 5, RX 23; State v. Tucker, 115 Ohio St.3d 1413, 873 N.E.2d 1317 (2007).)

Tucker filed this petition for a writ of habeas corpus on Aug. 5, 2008. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

4

respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Tucker has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by

lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

Tucker alleges violations of the Ohio Constitution. The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of the Ohio Constitution is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

### III. STATUTE OF LIMITATIONS

The respondent argues that the petition should be dismissed because it was filed after the statute of limitations had expired. (Doc. 5, at 1, 7.)

#### A. Section 2244(d)(1)(A)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S.

6

214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

Tucker was sentenced on his conviction on July 1, 2002, at which time he was advised of his appeal rights by the court, and assigned appellate counsel. (Doc. 5, RX 3.)

Under Ohio law, Tucker had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on July 1, 2002. Thus, the statute began to run on July 31, 2002. See, e.g., Goodballet v. Mack, 266 F.Supp. 2d 702, 705 (N.D. Ohio 2003). He did not file the motion for leave to file a delayed appeal until Oct. 18, 2002, after the statute had run for 79 days. (Doc. 5, RX 4.)

Although filing a motion for a delayed appeal may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or

cause it to begin running anew. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001); Buda v. Eberlin, No. 5:06cv1807, 2006 WL 2711792 (N.D. Ohio Sept. 21, 2006). The statute was tolled from the filing of his first notice of appeal on Oct. 18, 2002 (doc. 5, RX 4), through the date on which the court of appeals denied his second motion for leave to appeal, on Nov. 19, 2002 (doc. 5, RX 8). Tucker did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1), thus the statute resumed running on Jan. 4, 2003.

Tucker filed for leave to re-open his direct appeal pursuant to Ohio App. Rule 26(B) on Apr. 24, 2003. (Doc. 5, RX 9.) The statute had run for an additional 111 days, for a total of 190 days. Thus, 175 days of the limitations period remained.

A Rule 26(B) application is considered collateral post-conviction review, Lopez v. Wilson, 426 F.3d 339, 351-352 (6th Cir. 2005) (en banc), cert. denied, 547 U.S. 1099 (2006); Morgan v. Eads, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004) (syllabus) which tolls the limitations period while it is pending, Linscott v. Rose, 436 F.3d 587, 591 (6th Cir. 2006). The court of appeals denied his application, finding it barred by res judicata, on Oct. 7, 2003. (Doc. 5, RX 11; Tucker, 2003 WL 22305240.) Tucker did not appeal this ruling to the Ohio Supreme Court, so the limitations period resumed running forty-five days later (Nov. 21), and accordingly expired 175 days later, on May 16, 2004.

Therefore, by the time that Tucker filed his Jan. 19, 2005, motion to vacate sentence in the trial court the habeas statute of limitations had long since expired. Under Section 2244(d)(1)(A), Tucker's filing of the petition for a writ of habeas corpus on Aug. 5, 2008, was untimely.

### B. Section 2244(d)(1)(B)

Tucker responds that his untimely petition should be excused because it is the direct result of a state-created impediment, attributable either to the clerk of court or to the ineffectiveness of his appointed appellate counsel. (Doc. 6, at 4-5, citing Waldron v. Jackson, 348 F.Supp.2d 877 (N.D. Ohio 2004).) He does not suggest at what point, or to what extent, tolling should be applied to his case.

In Waldron, the petitioner communicated his desire to appeal to his appellate counsel, but counsel never followed through. Waldron, 348 F.Supp.2d at 883-884. The court found that "this ineffective assistance of counsel is imputed to the state, and constitutes an impediment to filing an application created by the state." Id. at 884 (internal citations omitted). In the circumstances of his case, the Waldron petitioner did not file his motion for a delayed appeal until almost two years after the habeas limitations period would have expired. Id. at 880-881.

The court in Waldron found that the circumstances therein required the court to apply 28 U.S.C. § 2244(d)(1)(B), pursuant to which the limitations period begins to run on "the date on which the impediment to filing an application created by

9

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). As the court found that the ineffective assistance of counsel was a state-created impediment under the circumstances, the court ruled that the limitations period would not begin to run until the petitioner's delayed appeal had been ruled on, and the relevant period for appeal of that decision had run. Waldron, 348 F.Supp.2d at 886. Accord Woods v. Jackson, No. 1:00CV0803, 2006 WL 746293, at *5 (S.D. Ohio Mar. 22, 2006) (period starts with filing of delayed appeal).

The circumstances in this case differ. Here, although Tucker arguably was impeded by ineffective assistance of counsel (doc. 6, at 5; doc. 5, RX 7, at 1-2), Tucker was able to file his motion for delayed appeal prior to the initial expiration of the habeas limitations period, unlike the petitioner in Waldron.

When Tucker filed his motion for leave to file a delayed appeal on Oct. 18, 2002 (doc. 5, RX 4), the statute had only run for 79 days, reckoned under Section § 2244(d)(1)(A). If the impediment is found to be lifted with the filing of the motion for delayed appeal, as in Waldron, the one-year limitations period begins after the delayed appeal was resolved, and those 79 days are not counted against the one-year period. Otherwise, the course of events proceeded as outlined earlier.

The state court of appeals denied his second motion for leave to appeal, on Nov. 19, 2002 (doc. 5, RX 8), and Tucker did not seek timely review by the Ohio

Supreme Court within 45 days, thus the statute of limitations began running on Jan. 4, 2003.

Tucker filed for leave to re-open his direct appeal pursuant to Ohio App. Rule 26(B) on Apr. 24, 2003. (Doc. 5, RX 9.) The statute had run for 111 days, thus, 254 days of the limitations period remained. A Rule 26(B) application tolls the limitations period while it is pending.

The court of appeals denied his Rule 26(B) application on Oct. 7, 2003. (Doc. 5, RX 11; Tucker, 2003 WL 22305240.) Tucker did not appeal this ruling to the Ohio Supreme Court, so the limitations period resumed running forty-five days later (Nov. 21, 2003), and accordingly expired 254 days later, on Aug. 3, 2004.

Therefore, by the time that Tucker filed his Jan. 19, 2005, motion to vacate sentence in the trial court the habeas statute of limitations had already expired. Under Section 2244(d)(1)(B) as well, Tucker's filing of the petition for a writ of habeas corpus on Aug. 5, 2008, was untimely.

### C. Equitable tolling

Although Tucker argues that he should benefit from equitable tolling (doc. 6, at 4), he does not actually argue that equitable tolling applies to his situation. Rather, he depends on the statutory argument discussed in the previous section.

To benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in

his way.  Lawrence v. Florida, 549 U.S. 327, 335 (2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The circumstances which will lead to equitable tolling are rare.  King v. Bell, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir.), cert. denied, 534 U.S. 1057 (2001)); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

The following factors are generally considered when the issue of equitable tolling arises:

> (1) lack of actual knowledge of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

King, 378 F.3d at 553 (quoting Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)). Tucker has not addressed these factors, and the court finds that the facts in this case would not support an application of equitable tolling.  Tucker was aware of the filing requirements, and in fact did file a motion for delayed appeal.  See, e.g., Winkfield v. Bagley, No. 02-3193, 2003 WL 21259699, at *5 (6th Cir. May 28, 2003), cert. denied, 540 U.S. 969 (2003); Bates v. Moore, No. C3-07-025, 2008 WL 77732, at *4-*5 (S.D. Ohio Jan. 4, 2008).

## IV. SUMMARY

The motion to dismiss (doc. 5) should be granted, because Tucker's petition was untimely filed, whether the limitations period is measured under 28 U.S.C. § 2244(d)(1)(A) or (B).

## RECOMMENDATION

It is recommended that the petition be dismissed.


Dated:  Jan. 20, 2009                           /s/ Kenneth S. McHargh
                                                Kenneth S. McHargh
                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

13