**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SAMUEL L. TUCKER,** | ) | **CASE NO. 1:08 CV 1869** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **JULIUS WILSON, WARDEN,** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

Before the Court is the Report and Recommended Decision ("R&R") of Magistrate Judge Kenneth S. McHargh (*ECF No. 8*). The Magistrate Judge recommends that the Court grant Respondent's motion to dismiss *pro se* Petitioner Samuel L. Tucker's 28 U.S.C. §2254 habeas corpus petition for being untimely filed (*ECF No. 5*). For the following reasons, the Court **ADOPTS** the Magistrate Judge's R&R and **GRANTS** Respondent's motion to dismiss Tucker's habeas petition.

Tucker's habeas petition raises as his sole ground for relief that his "sentence is contrary to law and in violation of the Sixth and Fourteenth Amendments under the United States Constitution and Article I, Section 10 of the Ohio Constitution pursuant to the mandates embodied in the United States Supreme Court case[s] of Apprendi v. New Jersey ... and Blakely v. Washington ..." *ECF No. 1*, at 2.

As an initial matter, the Magistrate Judge determined that since federal habeas relief is not available for a claimed violation of state law, the alleged violation of the Ohio

Constitution is not appropriately before the Court.

The Magistrate Judge then analyzed the timeliness of Petitioner's habeas petition under 28 U.S.C. § 2244(d)(1)(A) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under § 2244(d)(1)(A), Petitioner must file his habeas petition one year after his state conviction has become final by the conclusion of direct review or the expiration of the time for seeking such review.

Tucker was sentenced on July 1, 2002. Ohio R. App. P. 4(A) requires a direct appeal to be filed within 30 days after the date of sentencing. Tucker did not file a timely direct appeal, so, as the Magistrate Judge correctly held, the statute began to run 30 days later. The Magistrate Judge erroneously but harmlessly concluded that the statute of limitations began to run on July 31, 2002; the statute of limitations period actually commenced on August 1, 2002, one day after the last day for Tucker to file a direct appeal.[1]

Tucker filed a motion for leave to file a delayed appeal on October 18, 2002. By then, 78 days had passed. The Ohio Court of Appeals denied his motion for leave to appeal on November 19, 2002. Tucker did not seek timely review by the Ohio Supreme Court within the 45 days required by Ohio Sup. Ct. R. Pract. II, § 2(A)(1), so the statute of limitations resumed on January 4, 2003.

After 111 more days had passed, Tucker filed for leave on April 24, 2003, to re-open his direct appeal pursuant to Ohio R. App. P. 26(B). Tucker's application was denied on

---

[1] Because of the one day error, the Court's calculation of the relevant time period will differ from the Magistrate Judge's by one day, in parts. However, since the Magistrate Judge's one day calculation error does not impact the ultimate statute of limitations analysis (i.e. Petitioner's habeas petition was untimely by more than just one day), the Court will not point out every instance where its calculation differs from the Magistrate Judge's.

October 7, 2003; the limitations period resumed 45 days later, on November 21, 2003. Counting the 189 days that had already passed, the statute of limitations expired 176 days later, on May 17, 2004.

Tucker next filed the first of two post-conviction motions to vacate sentence in the Cuyahoga County Court of Common Pleas on January 19, 2005. The motion was denied on January 26, 2005. Tucker then filed a second motion to vacate sentence in the Cuyahoga County Court of Common Pleas on June 29, 2006; this motion was denied on July 13, 2006. Tucker filed a timely appeal with the Ohio Court of Appeals who affirmed the trial court's judgment on May 14, 2007. Tucker then timely moved the Ohio Supreme Court for leave to appeal the Court of Appeals' decision. The Ohio Supreme Court denied Tucker leave to appeal on September 26, 2007. Tucker then filed his federal habeas petition on August 5, 2008. Though filed within one year of the Ohio Supreme Court's decision denying leave to appeal his second post-conviction motion, Tucker's habeas petition was not timely. The statute of limitations had run long before his post-conviction motions had even been filed. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review... is pending shall not be counted toward any period of limitation..." Thus, while post-conviction motions can toll the statute of limitations for a habeas filing, they do not reset the limitations period. Accordingly, as the statute of limitations had run well before August 5, 2008, Tucker's federal habeas petition was untimely.

The Magistrate Judge next concluded that Tucker's habeas petition was also untimely under 28 U.S.C. § 2244(d)(1)(B), which Petitioner argues applies to his case. Under 28 U.S.C. § 2244(d)(1)(B), if state action in violation of the Constitution or federal law impedes an

3

applicant from filing a petition, the statute of limitations period does not begin running until the impediment has been removed.  Tucker, relying on *Waldron v. Jackson*, 348 F.Supp. 2d 877 (N.D. Ohio 2004), argues that the state impediment in his case was attributable to the clerk of the court or ineffective assistance of appointed appellate counsel.

In *Waldron*, the Court held that, due to the ineffective assistance of appellate counsel, which acted as a state imposed pediment, the statute of limitations did not begin running until after petitioner's motion for delayed appeal had been filed, ruled on, and the relevant period of appealing the delayed appeal decision had passed.  The *Waldron* petitioner's motion for delayed appeal was not filed until more than two years after the habeas petition should have been filed.

The Magistrate Judge determined that *Waldron* applies to Tucker's petition, to the extent that the statute of limitations only began running after Tucker's motion for delayed appeal was resolved.  *Waldron* does not provide Petitioner the right to file a habeas motion more than one year after the delayed appeal had been adjudicated.  Thus, Tucker's statute of limitations began to run on January 4, 2003, upon expiration of the 45 days for the Ohio Supreme Court to review denial of his motion for leave to file delayed appeal.  As discussed *supra*, 111 days passed before the period was tolled by his April 24, 2003 motion for leave to re-open direct appeal.  The re-opening of direct appeal question was completely resolved on November 21, 2003 and the statute of limitations began running the next day.  Tucker's January 19, 2005, motion to vacate sentence, which would have tolled the relevant limitations period, was not filed in state court for another fourteen months.  This fourteen months, combined with the 111 days that had already passed, was well beyond the one year limitations period.  Consequently,

4

Tucker's habeas petition was also untimely under 28 U.S.C. § 2244(d)(1)(B).

Finally, the Magistrate Judge concluded that Tucker's argument for equitable tolling should be rejected. Tucker's basis for equitable tolling is the statutory argument discussed *supra*; Tucker provided no other rationale why equitable tolling should apply.

Having reviewed the Magistrate Judge's clear and concise R&R, the objections filed by Petitioner (*ECF No. 9*), and Respondent's response to Petitioner's objections (*ECF No. 10*), the Court agrees with the Magistrate Judge's conclusions. Petitioner's habeas motion was obviously untimely under both 28 U.S.C. §§ 2244(d)(1)(A) and 2244(d)(1)(B). Moreover, Petitioner has provided no basis for his equitable tolling argument. Thus, the Court hereby **OVERRULES** Petitioner's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation (*ECF No. 8*) in full.[2]

Accordingly, the § 2254 habeas corpus petition is **DENIED**. The above-captioned case is hereby ordered dismissed as final. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     March 4, 2009*
**Dan Aaron Polster**
**United States District Judge**

---

[2] As discussed, supra, the Magistrate Judge miscalculated the relevant limitations period by one day. However, this one day miscalculation does not alter any conclusions reached by the Magistrate Judge.